REGAN, Judge.
Plaintiff, Mrs. Earline Felix Timms, filed this suit against the defendant, W. H. McCrory and Co., Inc., endeavoring to recover damages for a back injury which she incurred while she was seated at the Mc-Crory lunch counter. She alleged that she was struck in the back by a gum machine, knocked over by a shoplifter as he was fleeing from the store. Plaintiff insists that the defendant was negligent in placing the gum machine in a narrow aisle where it was subj ect to being overturned.
The defendant answered and denied the existence of any negligence on its part.
*846 From a judgment awarding plaintiff $1343.27, the defendant has appealed. Plaintiff has answered the appeal and requested an increase in quantum.
The facts are not disputed. The plaintiff was seated on a stool at the lunch counter, which is located along one of the walls of the building. In another section of the store, an employee signaled the floor supervisor that two shoplifters were operating in the planter department. When the floor supervisor approached this area to investigate, the shoplifters, aware that they had been detected, fled toward the nearest exit. To escape they ran down the planter aisle and then turned right into the aisle adjacent and parallel to the lunch counter. In rounding the corner, the first escapee bumped into the gum machine that was in the planter aisle next to a cash register, and tipped it over so that it fell toward the lunch counter and struck the plaintiff.
We have examined the photographs which were introduced into the record and it is evident that the machine possessed a heavy iron base, in fact one picture reveals that there are deep outlines in the flooring where the machine usually stands. After the machine struck the plaintiff and pinned her against the counter, it required two employees to remove it. This also indicates the weight of the machine.
There is no evidence in the record tending to establish (1) the width of the aisle in which the gum machine was placed, (2) the width of the machine itself, (3) the distance between the farthest protruding portion of the machine and the counter on the other side of the aisle or the width of the passageway remaining in the planter aisle; or (4) the weight and height of the machine. Our factual conclusions therefore must be predicated on photographs made of the machine and the situs of where the injury occurred.
The law applicable to this case is not at issue. The question of actionable negligence may be resolved by applying the law relative to the obligation of a storekeeper to an invitee as stated in Provost v. Great Atlantic & Pacific Tea Company.[1] The organ for the court rationalized therein that the storeowner must keep the aisles of his premises in a reasonably safe condition for the use of his customers. The law imposes upon him the obligation of exercising reasonable care to discover objects protruding in the aisles that might foresee-ably cause injury to a customer and to either warn the patron of the potential hazard or remove it. Failure to do so renders the storekeeper liable for injury resulting from the hazardous condition maintained by the storekeeper. However, the storekeeper does not automatically become the insurer of each invitee injured on the premises and liability will only attach if there is a condition emanating from negligent maintenance that was the proximate cause of the injury.
In this case the photographs disclose that the gum machine did not impede the safe passage of customers using the aisle for the purpose normally intended. The only other theory of negligence upon which the defendant could be held liable is to conclude that the storekeeper possessed the responsibility of foreseeing that the machine would be knocked over under the circumstances existing herein. Considering the apparent weight of the base of the machine and the fact that it had remained in the same position without prior incident for three years, we cannot impose this obligation upon the defendant.
To reiterate, only for the purpose of emphasis, a thief racing for the exit bumped the machine in the course of fleeing from his pursuers. The law nor the jurisprudence interpretive thereof does not require the storeowner to anticipate an occurrence of this nature in the normal course of business and take precautions to prevent it.
*847 For the reasons assigned, the judgment appealed from is reversed and it is now ordered that plaintiff’s suit be dismissed at her cost.
Reversed.

. La.App., 154 So.2d 597 (1963).